IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TORRY DESHUN PACK, #110053                                                              PLAINTIFF

VS.                                                               CIVIL ACTION NO. 4:10cv130-FKB

WARDEN B. GRIMES, ET AL.                                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

The Court held an omnibus hearing[1] in this matter, at which time it conferred with Plaintiff and counsel for Defendants in this suit founded upon 42 U.S.C. § 1983. At that hearing, the parties consented to have a United States Magistrate Judge conduct any and all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Pack is proceeding in this matter *in forma pauperis* and *pro se*.

Pending before the Court are Defendants' Motion for Summary Judgment (Docket No. 24), a memorandum in support thereof, and related exhibits. Plaintiff has failed to respond to the Motion for Summary Judgment. For the reasons explained in this Memorandum Opinion and Order, the Court grants summary judgment in favor of Defendants. Accordingly, this matter is dismissed with prejudice, and a separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

I. Plaintiff's Claims

Plaintiff is a convicted inmate who, at all times relevant to the claims in the complaint, was housed at East Mississippi Correctional Facility ("EMCF"). Named as Defendants are

---

[1]See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

Robert Grubb (officer), Bart Grimes (Warden), Dale Caskey (Warden), and Lanorris R. Ward (sergeant), current and former employees of EMCF. In his complaint, Plaintiff claims that Defendants denied his constitutional rights when an officer served him cold meals on March 5 and 10, 2010, and when officers withheld his food tray on July 10, 2010. As relief, Plaintiff requests damages for pain and suffering resulting from the withheld and delayed food, transfer from EMCF, and suspension of Officer Ward. Docket No. 1 at 4. In the Omnibus Hearing and in his complaint, Plaintiff freely admitted that he failed to exhaust administrative remedies as to these claims.

At the Omnibus Hearing, he also alleged that Defendants violated his constitutional rights when they sprayed him with mace and did not give him medical attention when he "acted out" and set fires as a result of being denied meals. At the Omnibus Hearing, Plaintiff admitted that he had failed to file for any type of administrative remedy related to the alleged use of mace and denial of medical attention.

## II. Relevant Standards

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" Lemoine v. New Horizons Ranch and Center, 1999 WL 246713, *3 (5th Cir. 1999)(quoting Colston v. Barnhart, 146 F.3d 282 (5th Cir.), cert. denied, 119 S.Ct. 618 (1998)). Issues of fact are material if "the resolution of the issues affect the outcome of the suit under governing law." Id. "Federal summary judgment

procedure requires the court to 'pierce through the pleadings and their adroit craftsmanship to reach the substance of the claim.'" Hicks v. Brysch, 989 F.Supp. 797, 806 (W.D. Tex. 1997)(citing Tacon Mech. Contractors v. Aetna Cas. and Sur. Co., 65 F.3d 486, 488 (5th Cir. 1995)). The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, 37 F.3d at 1075.

## A. Exhaustion

Defendants have moved for summary judgment on the basis that Plaintiff has failed to exhaust his administrative remedies with regard to the claims asserted in this action. Indeed, according to the undisputed records submitted by Defendants, as well as Plaintiff's Complaint (Docket No. 1 at 3) and Omnibus Hearing testimony, it appears that Plaintiff failed to exhaust his administrative remedies before filing this action. In fact, it appears that Plaintiff withdrew the relevant ARP before he completed the ARP process. Docket No. 24-1 at 16.

Plaintiff ignores recent statutory and case law which requires a prisoner to exhaust administrative remedies, regardless of the relief sought. The relevant portion of 42 U.S.C.§ 1997e, as amended by the Prison Litigation Reform Act of 1995 (PLRA) states, as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000).

In Booth v. Churner, 121 S.Ct. 1819 (2001), the Supreme Court held that 42 U.S.C. §

1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. Booth, 121 S.Ct. at 1825. More recently, the United States Supreme Court held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. See Porter v. Nussle, 122 S.Ct. 983 (2002); see also Jones v. Bock, 127 S.Ct. 910 (2007)(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

Plaintiff admits that he has not exhausted his administrative remedies prior to bringing this suit, as is required by the PLRA. Furthermore, he does not allege that he suffered from any ailment which prohibited him from pursuing administrative remedies. See Ferrington v. Louisiana Department of Corrections, 315 F.3d 529 (5th Cir. 2002)(Plaintiff-inmate's blindness did not excuse him from exhausting administrative remedies.); see also Days v. Johnson, 322 F.3d 863 (5th Cir. 2003)(excusing non-exhaustion of administrative remedies because of physical injury and subsequent rejection of grievance due to untimeliness). Moreover, his request for monetary damages is not exempt from exhaustion. Porter v. Nussle, 122 S.Ct. 983, 988 (2002)("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." ) Exhaustion is now mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 739 (2001). Accordingly, for these reasons, summary judgment should be granted in favor of Defendants, and this entire action should be dismissed without prejudice.

### B. Merits of the Claims

Alternatively, and in an abundance of caution, the Court addresses Plaintiff's claims on

the merits. Having reviewed the claims against Defendants, and having considered Plaintiff's testimony at the Omnibus Hearing, the Court finds that not only do Plaintiff's claims fail to rise to the level of a constitutional violation, Plaintiff admits that he suffered no injuries as a result of these alleged incidents. Accordingly, the Court finds that these claims should be dismissed with prejudice.

As to the claim that Defendants served Pack cold food on two occasions and denied him food on another occasion, the Court finds that this claim does not rise to the level of a constitutional violation. See Martin v. Scott, 156 F.3d 578 (5th Cir. 1998)(prisoner's claim that he was subjected to cruel and unusual punishment when he became ill after being fed a soy-based meat substitute did not rise to the level of a constitutional violation). Moreover, Pack does not "show that the risk of which he complains is 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'" Id. (quoting Helling v. McKinney, 509 U.S. 25, 36(1993)). "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998)(quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Pack was allegedly deprived of food on one occasion and served cold food on two occasions, and although he complains of adverse reactions to the lack of food, he certainly did not suffer any health risk from the diet on such a limited basis. Accordingly, this claim should be dismissed as "frivolous."[2]

---

[2] The term "frivolous" in the context of 28 U.S.C. § 1915(e) does not mean that Plaintiff has failed to state a claim, "but it is to be equated with the raising of a wholly insubstantial federal claim." Wilson v. Barrientos, 926 F.2d 480, 482 (5th Cir. 1991). In other words, the action may be dismissed if it has no arguable basis for relief either in law or fact. Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). Thus, a case may be found to be legally "frivolous" where it seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. See, e.g., Neitzke v. Williams, 490 U.S. 319 (1989).

As to his claim that unspecified guards sprayed him with mace and failed to give him medical attention when he admittedly "acted out," not only is this claim vague and unsupported, but Plaintiff fails to show that he was injured by these alleged actions. An actual injury is required to state a constitutional claim. See Lewis v. Casey, 518 U.S. 343, 351 (1996). Furthermore, any injury that he may have suffered would be *de minimis*. "Without an allegation of a more than *de minimis* physical injury," a prisoner plaintiff's complaint lacks any merit. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999). Accordingly, this claim should be dismissed, with prejudice, as "frivolous."

### III. Conclusion

Thus, for the reasons stated above, the Court finds that Defendants are entitled to summary judgment on the basis that Plaintiff failed to exhaust administrative remedies. In addition, the Court concludes that Plaintiff's claims fail to rise to the level of a constitutional violation. Accordingly, Plaintiff's claims against Defendants are dismissed with prejudice.

Furthermore, the Court finds that the plaintiff's claims should be dismissed as "frivolous." Because this case is dismissed pursuant to the Prison Litigation Reform Act and 28 U.S.C. § 1915(e) as "frivolous", it will be counted as a "strike." If the plaintiff receives "three strikes," he will be denied *in forma pauperis* status and be required to pay the full filing fee to file a civil action or an appeal. In accordance with Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED, this the 27th day of February, 2013.

                                              /s/ F. Keith Ball
                                          UNITED STATES MAGISTRATE JUDGE